UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                  Case No. 8:16-cr-152-T-35JSS

HERIBERTO ARBOLEDA MANYOMA
_____/

### SENTENCING MEMORANDUM

Mr. Heriberto Arboleda Manyoma, by and through undersigned counsel, respectfully files this sentencing memorandum requesting a substantial downward variance from what the Defendant acknowledges is the Guidelines range correctly calculated by the Probation Office as 108–135 months. *See* Presentence Investigation Report ("PSR") at ¶ 73 (Jul. 27, 2016). If the Court grants a two-level reduction for substantial assistance as requested by the government (Doc 38), the Guidelines range would be reduced to 87–108 months. Grounds therefore are as follows:

The Probation Office noted that Mr. Arboleda, a first-offender age 51, has offender characteristics that might warrant the Court's consideration for a downward variance. *See* ¶¶ 34, 58, 63, 67, & 88. As shown by the PSR, Mr. Arboleda has lived a very hard life, and was driven to participate in this smuggling venture by desperate economic circumstances. His lack of any prior criminal record at his age shows that he has *not* lived his life outside the law.

Mr. Arboleda has never contested this prosecution and cooperated fully from the moment of his arrest. He is extremely remorseful for his offense and assures the Court that it will never be repeated. Under these circumstances, substantially less than the 87 months recommended Guidelines sentence for this 51-year old first-offender is sufficient, but not greater, than what is required to achieve the purposes of sentencing.

## Memorandum of Law

**The Court has broad authority to fashion an appropriate sentence.**

Under 18 U.S.C. §3553(a)(1)–(7), as noted by the Probation Office, Mr. Arboleda's personal characteristics, circumstances, and the other sentencing factors in combination, "may warrant a downward variance from the applicable guidelines." ¶ 88. A sentencing court may consider any factors or combination of factors that bear on its judgment of an appropriate sentence under 18 U.S.C. § 3553(a), to which judgment a reviewing court must afford "due deference." *United States v Irey*, 612 F.3d 1160, 1187 (11th Cir. 2010) (en banc). Under present sentencing authority, district courts have very broad authority to fashion appropriate sentences. *See id.* at 1212 ("*Kimbrough* allows a district court to vary from the guidelines based solely on its judgment that the policies behind the guidelines are wrong.") *Also see United States v. Spears*, 555 U.S. 261 (2009). "The guidelines are not only *mandatory* on sentencing courts, they are also not to be *presumed* reasonable." *Nelson v. United States*, 555 U.S. 350, 352 (2009) (italics original).

**Proportionality and fairness are key goals of sentencing.**

Further, the newest model of sentencing, embodied in the United States Sentencing Guidelines, has "three main goals: (1) honesty, (2) fairness, and (3) proportionality . . . . To achieve proportionality, Congress replaced the theory that sentences should be imposed primarily to rehabilitate offenders with the theory that sentences should be no harsher than necessary to serve the four traditional purposes of sentencing." *Id.* at 1229–30.  18 U.S.C. § 3553(a) embodies the "parsimony principle," which requires a court to impose a sentence "sufficient but not greater than necessary" to comply with the purposes of sentencing set forth in Section 3553(a)(2).

**2015 amendments to USSG §3B1.2 provide guidance concerning sentencing of minimal/minor participants.**

The Application Note language for this section was amended to suggest more permissive employment of these downward adjustments, which involve assessment of the "totality of the circumstances . . . heavily dependent upon the facts of the particular case." USSG §2B1.2, comment. (n. 3(C)).  Factors to be considered include:

- (i) the degree to which the defendant understood the scope and structure of the criminal activity.

- (ii) the degree to which the defendant participated in planning or organizing the criminal activity.

- (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority.

- (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts:

- (v) the degree to which the defendant stood to benefit from the criminal activity.

> *For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.*

The owners and supervisors of this smuggling venture undoubtedly had decision-making authority and a proprietary interest in the illicit cargo, but Mr. Arboleda did not.

The purpose of this mitigating role adjustment is to ensure that a low-level participant in this conspiracy does not receive the same sentence as a high-level participant. As the Court well knows, all conspirators are jointly held responsible for the quantity of drugs, which determines the primary offense level. Without adjustment, the most highly culpable leaders, the owners and kingpins, would all be subject to the same punishment as someone such as Mr. Arboleda, at the very bottom of the pyramid. He mad the wrong choice for himself, despite his desperate circumstances, but he controlled *only* his own actions, not those of anyone else; no one reported *to* Heriberto Arboleda.

Mr. Arboleda is an excellent example of the type of offender for which the clarifying 2015 minor/minimal participation language was intended. Significantly, the Guidelines language appears to cite as an example of a defendant "Substantially Less Culpable than Average Participant" someone who served in exactly Mr. Arboleda's role, in that he is accountable "only for the quantity of drugs [he] personally transported . . . ." USSG §2B1.2, comment. (n. 3(A)). Whether the Court determines that formal application of this 2–4 level minor role reduction is warranted or it is more appropriate to vary downward for a combination of this and other factors, it is respectfully suggested that a substantial reduction is warranted.

4

**WHEREFORE,** Heriberto Arboleda Manyoma respectfully requests that this Honorable Court vary downward from the recommended Guidelines sentence of 87 months (with the two-level reduction requested by the government) and impose a sentence of not more than 60 months' imprisonment.

Respectfully Submitted,
*S/Christophir A. Kerr*
Christophir A. Kerr, Esq.
Florida Bar No. 72041
13801 Walsingham Rd., #A-154
Largo, FL 33774
(727) 492-2551 - telephone
(727) 593-9822 - facsimile
E-mail:  christophirkerr@gmail.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing has been furnished by Electronic Filing to Sheryl L. Loesch, Clerk of the Court, U.S. District Court, Middle District of Florida, located at U.S. Courthouse, 801 N. Florida Ave., #223, Tampa, FL  33602-3800 on this 23rd day of August, 2016.

*S/Christophir A. Kerr*
Christophir A. Kerr, Esq.